IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAVINGS INSTITUTE BANK AND TRUST COMPANY, Individually and on behalf of a class of all similarly situated financial institutions, ) ) ) ) | Case No. 1:14-cv-03178-ODE **CLASS ACTION COMPLAINT** |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| v. ) | |
| THE HOME DEPOT, INC. ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S NOTICE OF RELATED CASE**

Plaintiff, Savings Institute Bank and Trust Company ("SIBT"), respectfully submits this response in opposition to Defendant, The Home Depot Inc.'s ("Home Depot" or "Defendant") Notice of Related Case. Specifically, the case involves a putative class action on behalf of a class of financial institutions who have suffered damages as a result of Defendant's data breach involving over 56 million payment cards. Defendant Home Depot's lax security measures caused a data breach that occurred over a five-month period and resulted in the unauthorized release of millions of customers' credit and debit card information. Plaintiff and the other

1

financial institution class members have spent millions of dollars on cancelling and reissuing the exposed debit and credit cards, covering the costs of fraudulent charges on those cards, notifying customers of the breach, handling customer service inquiries, and sometimes even losing customers. When Plaintiff SBIT filed its complaint, it listed the first-filed financial institution class case, *First Choice Federal Credit Union v. The Home Depot, Inc.*, No. 1:14-cv-2975-AT (the "*First Choice* Action") as a related action for purposes of the JS44 Civil Cover Sheet (the "Civil Cover Sheet").

The Civil Cover Sheet "is merely an administrative aid to the court clerk…." *Davis v. Signius Inv. Corp.*, NO. 1:12-cv-04143-TWT, 2013 U.S. LEXIS 49047 *7 n.4 (N.D. Ga. Feb. 26, 2013). A portion of the Civil Cover Sheet form requests the plaintiff to identify related actions. In Defendant's own cited case, *ALW Mktg. Corp. v. Drunasky*, No. 1:91-CV-545-RLV, 1991 U.S. Dist. LEXIS 20326 *7 (Dec. 30, 1991) Judge Vining found that actions are related, for purposes of the Civil Cover Sheet, when "the issues, arguments, and defenses are ***identical***." (emphasis added).

Defendant has filed a "Notice of Related Case" improperly identifying *Solak v. The Home Depot, Inc.*, No. 14-cv-02856-WSD (the "*Solak* Action"), as a related action for this matter. Here, the *Solak* Action is not related, for purposes of the Civil Cover Sheet, because it does not involve "identical" "issues, arguments, and

defenses" as the above-captioned matter. In fact, Defendant makes no effort to show that the actions are actually premised on the same issues, arguments and defenses. The *Solak* Action involves a class of consumers with different claims, different legal theories, and different damages.

*First*, this case is a class action filed on behalf of "***financial institutions***" to recover their losses. [Dkt. No. 1, para. 17 (emphasis added)]. Likewise, the *First Choice* Action seeks a class action on behalf of "[a]ll financial institutions" to recover their losses. [*First Choice* Complaint, para. 53]. On the other hand, the plaintiffs in the *Solak* Action filed on behalf of a class of ***consumers***. [Solak Complaint, para. 24]. The completely different classes alleged in the two sets of cases, and the total lack of overlap of class members between the two classes, support a finding that the cases do not involve identical issues, arguments and defenses.

*Second*, this case seeks recovery based, in part, on the Defendant's breach of financial institution industry security standards, such as Payment Card Industry Data Security Standard and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, which are unique to the financial institution plaintiffs. On the other hand, the *Solak* Action alleges state law statutory claims under the laws of 37 states and the District of

Columbia, relating to consumer protection statutes, statutes which do not apply to Plaintiff and other financial institutions. [*Solak* Complaint, para. 46].

*Finally*, the type of damages sought by each of the classes is vastly different. As outlined above, Plaintiff and the other financial institution Plaintiffs have alleged damages relating to the tangible costs associated with replacing cards, covering fraudulent charges, and other costs associated with customer service in the wake of the breach. In contrast, the consumer plaintiffs have alleged harm faced by "having [their] financial and personal information compromised and fac[ing] the… threat of future additional harm from the increased threat of identity theft and fraud…." [*Solak* Complaint, para. 21]. The nature of the consumer Plaintiffs' damages are completely different when compared to the damages alleged by the financial institution Plaintiffs. Quite tellingly, the Defendant has elected *different counsel and different firms* in the financial institution actions than in the consumer cases, including the *Solak* Action.  [*compare* Dkt. No. 7-9 *with Solak* Action Dkt No. 6-8].

Clearly, then, this case and the *Solak* Action do not contain "identical" "issues, arguments, and defenses" and, thus, are not related for the purposes of the Civil Cover Sheet. *Drunasky*, 1991 U.S. Dist. LEXIS 20326 at *7.  This matter is properly related to the *First Choice* Action.

Defendant cites *JP Morgan Chase Bank, N.A. v. Sampson*, 1:10-CV-1666-JEC, 2012 WL 949698, at *1 n.3 (N.D. Ga. Mar. 20, 2012) to support its proposition that this case should be related to the Solak case. In that action, involving a foreclosure dispute over a piece of property, the plaintiff ignored a previously filed action *over the same exact piece of property* and did not notify the court of that related action. Chief Judge Karnes noted that "cases are deemed related if the pending case involved property in an earlier numbered pending suit." Id. This is simply not the case here, and the authority cited by Defendant is inapposite. Indeed, Plaintiff in this matter *did* list the *First Choice* Action as related, as is appropriate.

For the reasons set forth herein, Plaintiff respectfully requests that the above-captioned matter be properly related to the *First Choice* Action which is the first financial institution action filed and not to the *Solak* Action.

This 7th day of October, 2014.

        W. PITTS CARR & ASSOCIATES

        /s/ Pitts Carr
        W. Pitts Carr
        Georgia Bar No. 112100
        Alex D. Weatherby
        Georgia Bar No. 819975
        10 North Parkway Square
        4200 Northside Parkway NW
        Atlanta, GA  30327
        Tel: (404) 442-9000
        Fax: (404) 442-9700
        pcarr@wpcarr.com
        aweatherby@wpcarr.com

        Joseph P. Guglielmo
        Joseph D. Cohen
        SCOTT+SCOTT,
        ATTORNEYS AT LAW, LLP
        The Chrysler Building
        405 Lexington Avenue, 40th Floor
        New York, NY 10174
        Tel.: (212) 223-6444
        Fax: (212) 223-6334
        jguglielmo@scott-scott.com
        jcohen@scott-scott.com

David R. Scott
Stephen J. Teti
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537
Fax: (860) 537-4432
david.scott@scott-scott.com
steti@scott-scott.com

E. Kirk Wood
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, Alabama 35238-2434
Telephone:  (205) 908-4906
Facsimile:  (866) 747-3905
ekirkwood1@bellsouth.net

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within and foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE OF RELATED CASE was served via the Court's ECF system, which automatically sends notice of such filing to the following:

    CARI K. DAWSON
    KRISTINE MCALISTER BROWN
    JAMES C. GRANT
    ALSTON & BIRD LLP
    1201 West Peachtree Street
    Atlanta, Georgia 30309-3424
    Telephone: 404-881-7000
    Facsimile: 404-881-7777
    cari.dawson@alston.com
    kristy.brown@alston.com
    jim.grant@alston.com

    *Attorneys for Defendant*

This 7th day of October, 2014.

                       W. PITTS CARR & ASSOCIATES, P.C.

                       /s/Pitts Carr
                       W. Pitts Carr
                       pcarr@wpcarr.com
                       Georgia Bar No. 112100
                       Alex D. Weatherby
                       aweatherby@wpcarr.com
                       Georgia Bar No. 819975
                       10 North Parkway Square
                       4200 Northside Parkway, NW
                       Atlanta, Georgia  30327
                       (404) 442-9000
                       (404) 442-9700 Facsimile
                       www.wpcarr.com